## Pulliam v. Board of Trustees of the Bardstown Graded Common School District.

(Decided October 29, 1926.)

### Appeal from Nelson Circuit Court.

1. Schools and School Districts—To Authorize Bond Election, it Must Appear that Sum to be Raised is Necessary, and Cannot be Raised by Tax Levy (Kentucky Statutes, Sections 4476, 4477, as Amended and Re-enacted by Acts 1922, Chapter 8).—Before board of trustees can call election to authorize issue of bonds under Kentucky Statutes, section 4477, as amended and re-enacted by Acts 1922, chapter 8, it is essential that sum to be raised be necessary to provide suitable buildings, grounds and equipment, and that it could not be raised by taxation under section 4476, as amended and re-enacted by Acts 1922, chapter 8.

2. Schools and School Districts—Record Finding that Sum to be Raised is Necessary, and Cannot be Raised by Tax Levy, is Not Prerequisite to Calling School Bond Election by Board of Trustees (Kentucky Statutes, Sections 4476, 4477, as Amended and Re-enacted by Acts 1922, Chapter 8).—Kentucky Statutes, section 4477, as amended and re-enacted by Acts 1922, chapter 8, does not require, as prerequisite to calling election regarding bonds, record finding that sum to be raised is necessary to provide suitable school buildings, grounds and equipment, and that amount neces-

sary could not be raised under section 4476, as amended and re-enacted by Acts 1922, chapter 8.

3.  Evidence—Where Board of Trustees Called School Bond Election, it will be Presumed that it Found Existence of Facts to Justify Election (Kentucky Statutes, Section 4477, as Amended and Re-enacted by Acts 1922, Chapter 8).—Where board of trustees called school bond election under Kentucky Statutes, section 4477, as amended and re-enacted by Acts 1922, chapter 8, it will be presumed that it had found that necessary facts existed to justify election, since sworn officers are presumed to have performed duty.

4.  Schools and School Districts—Taxpayer, Seeking to Invalidate School Bond Election, had Burden of Proving that Sum to be Raised was Not Necessary, or that it Could be Raised by Tax Levy (Ky. Stats., Sections 4476, 4477, as Amended and Re-enacted by Acts 1922, Chapter 8).—Taxpayer, seeking to invalidate election under Ky. Stats., section 4477, as amended and re-enacted by Acts 1922, c. 8, had burden in suit to enjoin bond issue of proving that sum to be raised was not necessary to provide suitable buildings, grounds and equipment, or that necessary amount could be raised under section 4476, as amended and re-enacted by Acts 1922, c. 8.

OSSO W. STANLEY for appellant.

W. H. FULTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

On June 2, 1926, the board of trustees of the Bardstown graded school district for white pupils, by an order duly entered and spread upon its records, called an election to be held within the district on June 19, thereafter, for the purpose of obtaining the sense of the taxpayers as to whether the board should issue bonds of the district to the amount of $34,000.00 for the purpose of providing additional buildings and equipment for the use of the school. The election was called under the provisions of the present section 4477 of the statute as amended and re-enacted by chapter 8, page 35, Session Acts of 1922. The immediately preceding section (4476) as amended by the same act, among other things, authorized the board of trustees and vested it with power to levy a tax of not less than 25 cents nor more than $1.25 "upon each $100.00 of taxable property within the district and owned by white persons" and a poll tax upon the male inhabitants for the purpose of operating the school; while the fol-

lowing section (4477), as so amended in part, said: "If the tax levied under the provisions of section 4476 of this act is not sufficient to provide suitable grounds, buildings and equipment, boards of trustees are hereby authorized and empowered to order an election and submit to the voters of their respective graded common school districts the question whether or not the trustees thereof shall issue bonds of their respective graded common school districts, in any amount not exceeding the limit provided by sections 157 and 158 of the present Constitution of this state, for the purpose of providing suitable grounds, school buildings, furniture and apparatus for their respective graded common school districts." The section then provided for the requisite notice of the election and how it should be conducted, etc.

The order of the appellee, board of trustees in this case, calling the election for June 19, 1926, as spread upon its order book, says: "Be it resolved by the board of trustees that an election shall be held in this graded common school district to submit to the voters of the district the question whether or not the trustees thereof shall issue bonds of this graded school district to the amount of $34,000.00 for the purpose of providing suitable grounds, school buildings, furniture and apparatus for this graded common school district, and that said election shall be held on Saturday June 19, 1926, in the lobby of the graded school building in Bardstown, Kentucky, between the hours of 6 a. m. and 4 p. m." Following that language are provisions with reference to the posting of notices, the appointment of election officers and performance of other duties prescribed by section 4477 supra.

At the election there were cast in favor of the issuing of the bonds 374 votes and against the proposition 107 votes, making a majority in favor of the issual of 267 votes. This action was instituted by appellant and plaintiff below, Arch H. Pulliam, a taxpayer of the district, against the defendant, board of trustees of the school district, seeking to enjoin the issuing of the bonds upon the grounds "that said election was illegal and unauthorized and did not comply with the laws of this state, and was insufficient to authorize the issuing of said bonds by defendants, and plaintiff states that said bonds if issued will constitute a lien on real estate owned by this plaintiff in said district and will constitute a cloud

upon plaintiff's title thereto, and he will suffer great and irreparable injury if said bonds are issued.'' The demurrer filed by defendant to the petition was sustained, and plaintiff declining to plead further,.his action was dismissed, and to reverse that action of the trial court he prosecutes this appeal.

It is doubtful whether the general allegations of the invalidity of the election as contained in the petition are sufficient to call its validity in question. But waiving that, we have concluded to pass upon the only two possible questions that could be urged against its validity, which are: That the order did not recite that the sum sought to be raised by the issuing of the bonds was necessary to provide suitable grounds, etc., for the maintenance and operation of the school; nor did it recite, or is it anywhere made to appear, that such amount, if necessary, could not be raised by the maximum limit of authorized taxation by the preceding section, 4476. We entertain no doubt but that both of those facts should actually exist before the board would be authorized to call and hold an election for the purpose of bonding the district, since their right to call such an election is bottomed upon the pre-existing fact of the necessity of raising funds for the purposes mentioned, and which can not be done in that manner except when the rate of taxation provided for in the prior section would be insufficient to raise such needed and necessary funds. It does not necessarily follow, however, that the failure of the board to expressly find and record those prerequisites on its record would render the election invalid if such prerequisites existed in point of fact. In other words, there is nothing in the statute either expressly or by necessary implication requiring that the existence of such prerequisite facts should.be evidenced by the recorded finding of the board. In elections held under the provisions of sections 4307 and 4464 of the statutes, it frequently has been held by us that the petitions for such elections must expressly contain the facts as set out in those two sections before the authority calling the elections therein provided for may be authorized to do so. In other words, that the existence of such facts is not only jurisdictional, but that they must be evidenced by a proper writing composing a part of the election proceedings.

No such petition is required for the character of election now under consideration, but, as we have seen,

the statute only prescribes the actual existence of the two facts *supra,* and after the board has acted it will be presumed that it found and determined their existence before it ordered the election, under the universally recognized rule that a sworn officer is presumed to have performed his duty·in the absence of a showing to the contrary. If, therefore, a taxpayer, or other person having the right to do so, would invalidate the election because of the nonexistence of either of such facts it is incumbent upon him to allege such invalidating matter, and if it should be denied, then to prove it. No effort to do so was made by plaintiff in his petition, and the court properly sustained the demurrer thereto and dismissed it when he declined to further plead.

Wherefore, the judgment is affirmed.